IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:19-mj-407 |
| ANDREW JON THOMASBERG, | ) | |
| | ) | |
| Defendant. | ) | |

### PROTECTIVE ORDER

This matter is before the Court on the parties' Joint Motion for Entry of a Stipulated

Protective Order restricting the disclosure and dissemination of the documents, electronic

records, and other information produced by the United States to the defendant as part of the

government's discovery obligations in this case.  These documents, electronic records, and other

information ("Protected Material"), shall be subject to the following Order:

1.    The government shall disclose Protected Material to ANDREW JON

THOMASBERG ("the defendant"), as part of its discovery obligations, in accordance with the

Federal Rules of Criminal Procedure and relevant case law.  Where Protected Material are

produced electronically on disc, only the physical disc (and not the individual electronic files)

must be labeled "PROTECTED MATERIAL."

2.    The disclosure or provision of documents or materials by the government to the

defendant shall not operate as a waiver of any privilege or protection that could or may be

asserted by the holder of any such privilege or protection.

3.    Access to Protected Material shall be restricted to persons authorized by this

Order, namely, the defendant, the defendant's attorney of record in this case, the employees of

the attorney of record, and experts, investigators, or consultants hired by the attorney of record, who are performing work on behalf of the defendant.

    4.    The following restrictions are placed on the defendant, defendant's attorney of record, and the above-designated individuals, unless and until further ordered by the Court. The defendant, the defendant's attorney, and the above-designated individuals shall not:

    a.    make copies of Protected Material for, or allow copies of any kind to be made by, any other person;

    b.    take photos of the Protected Material, manually copy information contained thereon, or otherwise reproduce any information contained in the documents including, but not limited to, any personal identifying information (PII) contained therein;

    c.    allow any other person to read Protected Material; and

    d.    use the Protected Material or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

    e.    The defense team shall not otherwise disseminate the Protected Material except as provided in this Order and may not post such information on any social media or internet site, including on the Court's public-filing system.

    5.    Protected Material may not be left in the custody or control of the defendant. In addition, the defendant is prohibited from reviewing any Protected Material outside of his counsel's presence.

    6.    The defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

7.      Nothing in this Order shall restrict use by the defendant's attorneys of Protected

Material or information during the defendant's investigation of the allegations and preparation of

his defenses or introduction as evidence at trial, except that the defendant's attorneys will notify

the government prior to trial of any Protected Material that it wishes to introduce at trial so that

the government may seek an additional order sealing or redacting the documents and information

contained therein from public disclosure as necessary.  Where appropriate, however, the

defendant's attorneys must redact any personal identifying information in the Protected Material,

in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the

U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005 Local Rule

Amendments Concerning Personal Identifiers.

8.      Prior to the disclosure of any Protected Material to a person not identified in

Paragraph 3 of this Order, counsel for the defendant must first receive permission from the Court

for such disclosure.  Such permission may be requested *ex parte*.

9.      Upon conclusion of this action, and consistent with the ethical responsibilities of

defense counsel, the defendant's attorneys shall return to government counsel, or destroy and

certify to government counsel the destruction of, all Protected Material within a reasonable

period of time, not to exceed thirty days after the last appeal is final.

        IT IS SO ORDERED.


Date: _____        /s/
Alexandria, Virginia        Theresa Carroll Buchanan
        United States Magistrate Judge
        _____
        Hon. Theresa Carroll Buchanan
        United States Magistrate Judge

3