IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-CR-337 |
| ANDREW JON THOMASBERG, | |
| Defendant. | |

FILED IN OPEN COURT
NOV 12 20[..]
CLERK, U.S. [...]
ALEXAN[...]

## STATEMENT OF FACTS

The United States and the defendant, ANDREW JON THOMASBERG (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or around October 17, 2017, the defendant, in Loudoun County, Virginia, within the Eastern District of Virginia, in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly made a false or fictitious oral or written statement intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition.

2. On October 18, 2017, while employed at Sterling Arsenal, in Sterling, VA, within the Eastern District of Virginia, the defendant completed the purchase of an Arsenal SAM7R, 7.62x39, semiautomatic rifle, bearing serial number BA532035. In purchasing this firearm, the defendant completed necessary forms provided by the United States Department of Justice's Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). In particular, the defendant completed and signed an ATF Form 4473 for this purchase on October 18, 2017. On this form, the defendant provided his telephone number, email address, and home address. ATF Form 4473

1

includes Question 11.a. "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you. Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b." The defendant checked "yes" to this question, indicating he was in fact the purchaser of the aforementioned firearm.

3. The defendant's answer to Question 11.a was false and made with the intent to deceive. The defendant knew he was purchasing the firearm for Individual B.B. Individual B.B. directed the defendant in making the purchase of the firearm, and Individual B.B. paid for the firearm at the time of purchase. Sometime after taking possession of the firearm at Sterling Arsenal, the defendant provided the firearm to Individual B.B.

4. The defendant's false statement in response to Question 11.a was material to the lawfulness of the sale of the firearm.

5. Between in or around November 2018, and in or around March 2019, in Fairfax County, Virginia, and Loudoun County, Virginia, both within the Eastern District of Virginia, the defendant, while being an unlawful user of or addicted to controlled substances, did knowingly and unlawfully possess in and affecting commerce at least the following four firearms, such firearms having been shipped and transported in interstate commerce:

    a. a PTR .308 rifle, bearing serial number AW10866, which the defendant purchased on or around March 24, 2019;

    b. an FN Herstal long rifle, bearing serial number A9929, which the defendant purchased on or around June 27, 2018;

2

c. an Engage Armament E4 rifle, bearing serial number (A)02313, which the defendant purchased on or around April 12, 2018; and

d. a VKT M39 rifle, bearing serial number 63933, which the defendant purchased on or around May 4, 2016.

6.  Between in or around November 2018, and in or around March 2019, the defendant was an unlawful user of, or addicted to controlled substances as defined in section 102 of the Controlled Substance Act, including marijuana, Modafinil, psilocybin mushrooms, and opium.

7.  The firearms discussed in this statement of facts were not manufactured in the Commonwealth of Virginia, and, therefore, the firearms traveled in, and/or affected interstate commerce.

8.  This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9.  The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: November 7, 2019     By: _____
Anthony W. Mariano
Special Assistant United States Attorney
Ronald L. Walutes, Jr.
Assistant United States Attorney

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ANDREW JON THOMASBERG, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ANDREW JON THOMASBERG

I am Gretchen L. Taylor, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Gretchen L. Taylor, Esq.
Attorney for ANDREW JON THOMASBERG